Richard Morin (SBN 285275)
Law Office of Rick Morin, PC
500 Newport Center Drive Suite 610
Newport Beach, CA 92660
Phone: (949) 996-3094
Email: legal@rickmorin.net

Attorney for Plaintiff David Robinson

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| David Robinson,<br><br>          Plaintiff,<br>     v.<br><br>Iztaccuauhtli Gonzalez dba Farmers Insurance, Jill Stern-Henderson, and Steven H. Henderson,<br><br>          Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |

Plaintiff David Robinson ("Plaintiff") alleges the following:

## INTRODUCTION

1. Plaintiff brings this action against Iztaccuauhtli Gonzalez dba Farmers Insurance, Jill Stern-Henderson, and Steven H. Henderson (collectively "Defendants"), for unlawfully discriminating against Plaintiff because of Plaintiff's disability at the Farmers Insurance ("Farmers Insurance") located at 3018 Railroad Avenue in Pittsburg, California ("Property").

2. Plaintiff seeks damages, injunctive, and declaratory relief, attorney's fees and costs pursuant to the Americans with Disabilities Act of 1990 ("ADA") and related California law.

## PARTIES

3. Plaintiff is a natural person and an adult resident of the San Francisco Bay Area. At all times relevant to this Complaint, Plaintiff is and has been considered disabled.

4. Defendant Iztaccuauhtli Gonzalez is believed to be a natural person who is a resident of

---
1
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

California and who owned, managed, operated, and/or was otherwise responsible for the Farmers Insurance office.

5. Defendant Jill Stern-Henderson is believed to be a natural person who is a resident of California and who owned, managed, operated, and/or was otherwise responsible for the Property.

6. Defendant Steven H. Henderson is believed to be a natural person who is a resident of California and who owned, managed, operated, and/or was otherwise responsible for the Property.

## JURISDICTION

7. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. 1331 and 1343 for violations of the Americans with Disabilities Act of 1990.

8. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California law.

## VENUE

9. Venue is proper in this court pursuant to 28 U.S.C. 1391 and is founded on the fact that the Property and the Farmers Insurance are located inside this district and Plaintiff's claims arose in this district.

## FACTUAL ALLEGATIONS

10. Plaintiff suffers from disabilities, and/or medical conditions that are disabilities.

11. Plaintiff is a paraplegic due to a tragic motorcycle accident.

12. Plaintiff requires a wheelchair to facilitate his mobility because of a spinal cord injury.

13. Plaintiff's symptoms substantially limit his major life activities.

14. Plaintiff has at all relevant times, displayed a valid disabled person parking placard issued by the California Department of Motor Vehicles.

15. Plaintiff's lives in the San Francisco Bay Area.

16. On May 21, 2024, Plaintiff was in the Pittsburg area to visit family.

17. Plaintiff went to the Farmers Insurance to inquire about insurance for his home and possibly his cars.

18. Unfortunately, when Plaintiff arrived, he observed Defendants' handicap/disabled-

access parking was in a state of disrepair. Even though the Farmers Insurance offered off-street parking on the Property to its customers, Defendants have not maintained their accessible parking in a safe and responsible manner. For instance, Defendants' accessible parking spaces lack required signage; lack a van-accessible access aisle; and lack required pavement markings. What's worse, the asphalt underneath the purportedly accessible parking is severely damages and cracked. Plaintiff further believes that the purportedly accessible parking spaces are excessively sloped. All of these problems make it dangerous for Plaintiff to utilize the designated parking spaces.

19. Plaintiff would like to return to the Property and the Farmers Insurance in the future. Plaintiff frequents the Pittsburg area because his brother and other family live in Pittsburg.

20. The Farmers Insurance and Property are public accommodations and business establishments.

21. The Farmers Insurance and Property are open to the public and their operation affects commerce.

22. Farmers Insurance and the Property are alleged to have undergone construction and/or alterations, structural repairs, or additions since July 1, 1970 and/or July 1, 1982.

23. Farmers Insurance and the Property are alleged to have applied for a permit or have started physical new construction and/or alterations, structural repairs, and/or additions after March 15, 2012.

24. Plaintiff has suffered and continues to suffer violations of his civil rights to full and equal enjoyment of goods, services, facilities, and privileges, and has suffered and will suffer negative feelings.

25. Providing designated disabled parking spaces in customer parking areas is crucial for ensuring equitable access to business services for individuals with disabilities. The absence of such accommodations can create significant barriers, effectively excluding those who rely on accessible parking to access businesses. Without designated disabled parking spaces, individuals with mobility impairments may struggle to find suitable parking, compromising their independence and ability to participate in public and commercial activities. This oversight not only inconveniences disabled individuals but also signifies a lack of commitment to inclusivity and equal access, potentially deterring

them from patronizing the business altogether.

## FIRST CAUSE OF ACTION

Violations of the Americans with Disabilities Act

42 U.S.C. § 12101, et seq.

26. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

27. Defendants have denied Plaintiff full and equal enjoyment and use of the goods, services, facilities, privileges, and accommodations of the Farmers Insurance and the Property.

28. The Farmers Insurance is a public accommodation.

29. The Property is a public accommodation.

### Failure to Remove Architectural Barriers at an Existing Property

30. Defendants failed to remove architectural barriers, which are structural in nature, where it is reasonably achievable, without much difficulty or expense, and the cost of removing the architectural barriers does not exceed the benefits under these particular circumstances.

31. For those barriers where it is not reasonably achievable to remove them, if any, Defendants failed to make the goods, services, facilities, or accommodations available through alternative methods that are readily achievable.

### Failure to Design and Construct an Accessible Property

32. The improvements at the Property are believed to have been designed and constructed, or both, after January 26, 1993, independently triggering access requirements under Title III of the ADA.

33. Defendants violated the ADA by failing to design and construct the facilities at the Property in a manner that was readily accessible to the physically disabled public, including Plaintiff, when it was structurally practical to do so.

### Failure to Make an Altered Facility Accessible

34. Plaintiff alleges that the Property was modified after January 26, 1993, independently triggering access requirements under the ADA.

35. The ADA requires properties altered in a manner that affects or could affect its usability

be made easily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).

36. Defendants altered the Property in a manner that violated the ADA and was not readily accessible to the physically disabled public – including Plaintiff – the maximum extent possible.

37. The configuration and condition of the Property denied Plaintiff a public accommodation due to Plaintiff's disability.

38. It is readily achievable for Defendants to remove the architectural barriers.

<u>Failure to Maintain Accessible Features</u>

39. Defendants violated the ADA by failing to maintain in operable and working condition those features of the Farmers Insurance and Property that are required to be readily accessible to and be usable by persons with disabilities.

40. Defendants' failure in maintaining the Farmers Insurance and Property in an accessible condition was not an isolated or temporary interruption in service or access due to maintenance or repairs.

41. The configuration and condition of the Farmers Insurance and Property denied Plaintiff a public accommodation due to Plaintiff's disability.

42. It is readily achievable for Defendant to remove the barriers.

43. Defendants do not have any legitimate business justification to excuse the condition and configuration of the Farmers Insurance and Property.

44. Defendants' violations are the cause of suffering for Plaintiff.

45. Plaintiff prays for all relief available under the ADA, including injunctive relief that prohibits violations complained of herein, which have the effect of wrongfully excluding Plaintiff and other members of the public who are physically disabled from full and equal access to these public facilities, as well as attorney's fees, costs, and other expenses for these violations.

**SECOND CAUSE OF ACTION**

Violations of the Unruh Civil Rights Act

California Civil Code §§ 51-53

46. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated

herein.

47. The Farmers Insurance and the Property are business establishments.

48. As described above, Defendants intentionally discriminated against Plaintiff during Plaintiff's visit to the Farmers Insurance at the Property.

49. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code 51(f).

50. Defendants violated the ADA during Plaintiff's visit to Farmers Insurance at the Property.

51. Defendant's acts and omissions as specified are in violation of California Civil Code §§ 51 and 51.5, the Unruh Civil Rights Act, and have denied Plaintiff's right to "full and equal accommodations, advantages, facilities, privileges or services in all business establishments of every kind whatsoever."

52. Plaintiff was harmed.

53. Defendants' conduct was a substantial factor in causing Plaintiff's harm.

54. As a result of the violation of Plaintiffs civil rights protected by California Civil Code §§ 51 and 51.5, Plaintiff is entitled to the rights and remedies of California Civil Code § 52, including a trebling of actual damages, minimum statutory damages, as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof.

55. Plaintiff also seeks to enjoin Defendants from violating disabled persons' rights.

## **PRAYER**

Plaintiff hereby prays for the following:

1. Injunctive relief compelling Defendants to cease its discrimination of disabled persons and remove all accessibility barriers that relate to Plaintiff's disability;

2. Damages under the Unruh Civil Rights Act of no less than $24,000;

3. Attorney's fees pursuant to 42 U.S.C. 12205, Civil Code sections 52, and/or Code of Civil Procedure section 1021.5, expenses, and costs of suit;

4. Other relief that the court deems appropriate.

Dated: September 4, 2024                           Law Office of Rick Morin, PC

_____
Richard Morin
Attorney for Plaintiff