UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ROBINSON,<br><br>    Plaintiff,<br><br>v.<br><br>IZTACCUAUHTLI GONZALEZ, et al.,<br><br>    Defendants. | Case No. 24-cv-06247-TSH<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION FOR ALTERNATIVE SERVICE**<br><br>Re: Dkt. No. 11 |

## I.    INTRODUCTION

Plaintiff David Robinson seeks leave to serve Defendant Iztaccuauhtli Gonzalez dba Farmers Insurance by publication. ECF No. 11. No opposition has been received. The Court finds this matter suitable for disposition without oral argument. *See* Civ. L.R. 7-1(b). Having considered Plaintiff's request, the Court **DENIES** his motion **WITHOUT PREJUDICE** for the following reasons.

## II.    BACKGROUND

Plaintiff is a California resident with physical disabilities who requires a wheelchair for mobility. Compl. ¶¶ 3, 10, 12, ECF No. 1. On May 21, 2024, he went to Farmers Insurance, located at 3018 Railroad Avenue in Pittsburg, California, to inquire about insurance for his home and possibly his cars. *Id.* ¶¶ 1, 17. Defendants Iztaccuauhtli Gonzalez, Jill Stern-Henderson, and Steven H. Henderson owned, managed, operated, and/or were otherwise responsible for the property. *Id.* ¶¶ 4-6. On the date of his visit, Plaintiff found the property's accessible parking spaces lacked required signage and pavement markings and lacked a van-accessible access aisle. *Id.* ¶ 18. Plaintiff also alleges the asphalt underneath the parking is severely damaged and cracked, and he believes the parking spaces are excessively sloped. *Id.*

1  Plaintiff filed this case on September 4, 2024, seeking injunctive relief under the
2  Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq., and statutory damages under the
3  Unruh Civil Rights Act, Cal. Civ. Code §§ 51-53.  Compl. ¶¶ 26-55.  Three months later, as there
4  was no indication Defendants had been served, the Court ordered Plaintiff to file a status report.
5  ECF No. 8.

6  On December 17 Plaintiff responded that he had been unable to effectuate service of
7  process on any of three defendants.  ECF No. 9.  The first round of service resulted in non-service
8  reports for all three defendants, with the process server reporting that the business locations for the
9  respective defendants were closed and appeared to be non-operational.  *Id.*  After the first round of
10 service failed, Plaintiff sent all three defendants service waivers by mail on September 16, 2024,
11 but no defendant returned a service waiver.  *Id.*  None of the packages were returned by the post
12 office as undeliverable.  *Id.*  Plaintiff subsequently located a home address for Gonzalez in
13 Pittsburg, California, to which he dispatched another process server starting on October 30, but
14 after five attempts, the process server was unable to serve Gonzalez at this address.  *Id.*  Plaintiff
15 stated he would need to consult with his process server to determine whether there are any other
16 addresses at which the defendants could be served, or whether to request authorization to
17 effectuate service by alternative means.  *Id.*  On December 17 the Court directed Plaintiff to file an
18 updated status report or motion for alternative service by January 16, 2025.  ECF No. 10.

19 Plaintiff filed the present motion on January 15, 2025, seeking to serve Gonzalez through
20 publication of summons in the East Bay Times, a newspaper of general circulation.[1]

21 **III.   LEGAL STANDARD**

22 Service upon an individual defendant in a judicial district of the United States may be
23 effected pursuant to the state law where the district court is located or where service is made.  Fed.
24 R. Civ. P. 4(e)(1).  Under California law, service by publication is permissible when:

25 > (a) A summons may be served by publication if upon affidavit it
>     appears to the satisfaction of the court in which the action is pending
26 >     that the party to be served cannot with reasonable diligence be served
>     in another manner specified in this article and that either:
27

28 ---
[1] Plaintiff does not seek to serve Henderson and Stern-Henderson by alternative means.

2

> (1) A cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action.

Cal. Civ. Proc. Code § 415.50(a).  The key inquiry is whether a defendant cannot with "reasonable diligence" be served by another available method. *Felix v. Anderson*, 2015 WL 545483, at *2 (N.D. Cal. Feb. 9, 2015).

To determine whether a plaintiff has exercised reasonable diligence, a court must examine the affidavit to see whether the plaintiff "took those steps a reasonable person who truly desired to give notice would have taken under the circumstances." *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333 (1978).  Reasonable diligence "denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." *Watts v. Crawford*, 10 Cal. 4th 743, 749 n.5 (1995) (citation omitted).

Because of due process concerns, service by publication should be allowed only "as a last resort." *Donel*, 87 Cal. App. 3d at 333.  That a plaintiff has taken one or a few reasonable steps does not necessarily mean that "all myriad of other avenues" have been properly exhausted to warrant service by publication. *Id.*  But a plaintiff will generally satisfy his burden through "[a] number of honest attempts to learn defendant's whereabouts or his address by inquiry of relatives, friends, and acquaintances, or of his employer, and by investigation of appropriate city and telephone directories, the voters' register, and the real and personal property index in the assessor's office, near the defendant's last known location[.]" *Kott v. Superior Ct.*, 45 Cal. App. 4th 1126, 1137 (1996).  "These are likely sources of information, and consequently must be searched before resorting to service by publication." *Id.*

If a party can show reasonable diligence, they must also show that a "cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action." Cal. Civ. Proc. Code § 415.50(a)(1).  The party must offer "independent evidentiary support, in the form of a sworn statement of facts, for the existence of a cause of action against the defendant." *Cummings v. Brantley Hale*, 2016 WL 4762208, at *2 (N.D. Cal. Sept. 13, 2016) (citing *McNamara v. Sher*, 2012 WL 760531, at *4 (S.D. Cal. Mar. 8, 2012)); *see also Zhang v. Tse*, 2012 WL 3583036, at *3 (N.D. Cal. Aug. 20, 2012) (collecting cases).

# IV. DISCUSSION

## A. Reasonable Diligence

Although service by publication is a method of last resort, the Court is satisfied that Plaintiff is unable to serve Gonzalez, despite reasonable diligence. Specifically, on September 9, 2024, Plaintiff's counsel asked One Legal to serve each of the Defendants in this lawsuit. Morin Decl. ¶ 2, ECF No. 11-2. One Legal attempted to serve Gonzalez at his business address, 3024 Railroad Avenue in Pittsburg, California, but was unsuccessful after five attempts. *Id.* ¶ 3 & Ex. 1 (Non Service Report). On September 16, 2024, counsel mailed a package to Gonzalez at the Railroad Avenue address that consisted of the summons, complaint, a postage prepaid return envelope, and a completed "Notice of a Lawsuit and Request to Waive Service of a Summons" (form AO 398) and two copies of "Waiver of the Service of Summons" (form AO 399). *Id.* ¶ 4. As of the date of Plaintiff's motion, Gonzalez had not returned a signed service waiver, and the United States Post Office had not returned the service waiver package as undeliverable. *Id.* ¶¶ 5-6.

After service was unsuccessful, counsel researched other possible addresses for Gonzalez and located a residential address, 2139 Shadow Court in Pittsburg, California. *Id.* ¶ 7. Using a title search program, counsel confirmed that Gonzalez's name appears on the title to that home. *Id.* On October 26 counsel dispatched One Hour Process Service to the Shadow Court address with instructions to serve Gonzalez, but after five attempts, the process server was unable to serve him. *Id.* ¶¶ 7-8 & Ex. 2 (Non Service Report). Counsel has been unable to find any other good addresses for Gonzalez. *Id.* ¶ 9.

It appears Plaintiff is unable to serve Gonzalez by personal service or mail. While it is conceivable that Plaintiff could effect service through continued efforts, "the standard requires reasonable diligence, not exhaustive efforts to leave no stone unturned." *Cummings*, 2016 WL 4762208, at *2. Under these circumstances, the Court finds Plaintiff has adequately taken "those steps which a reasonable person who truly desired to give notice would have taken under the circumstances." *Donel*, 87 Cal. App. 3d at 333.

## B. Cause of Action

Although Plaintiff submits a declaration by his counsel attesting to the efforts taken to

locate and serve Gonzalez, he has not offered any ''independent evidentiary support, *in the form of a sworn statement of facts*, for the existence of a cause of action against the defendant.'' *Cummings*, 2016 WL 4762208, at *3 (emphasis in original). Although Plaintiff argues in his motion that he has demonstrated a cause of action, Mot. at 2-3, "[u]nder California law, service by publication is neither appropriate nor valid without such an affidavit." *Id*. (citing *McNamara*, 2012 WL 760531, at *4); *see also Harris v. Cavasso*, 68 Cal. App. 3d 723, 726 (1977) (The statute ''on its face permits such showing to be made only by affidavit.''; setting aside a judgment where service by publication had been based on facts presented in a verified complaint rather than an affidavit). Plaintiff's motion is therefore **DENIED** without prejudice to a renewed motion properly supported by an affidavit.

## V.  CONCLUSION

Plaintiff's motion for service by publication is **DENIED WITHOUT PREJUDICE** for failure to provide an affidavit of facts evincing a cause of action against Gonzalez. Plaintiff may file a renewed motion for service by publication, which may incorporate by reference his previous filings demonstrating diligence.

**IT IS SO ORDERED.**

Dated: February 3, 2025

THOMAS S. HIXSON
United States Magistrate Judge