UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ROBINSON,<br><br>    Plaintiff,<br><br>v.<br><br>IZTACCUAUHTLI GONZALEZ, et al.,<br><br>    Defendants. | Case No. 24-cv-06247-TSH<br><br>**ORDER GRANTING RENEWED MOTION FOR ALTERNATIVE SERVICE**<br><br>Re: Dkt. No. 16 |

## I.    INTRODUCTION

Following denial without prejudice of his original motion, Plaintiff David Robinson has filed a renewed motion to serve Defendant Iztaccuauhtli Gonzalez dba Farmers Insurance by publication. ECF No. 16. The Court finds this matter suitable for disposition without oral argument. *See* Civ. L.R. 7-1(b). Having considered Plaintiff's request, the Court **GRANTS** his motion for the following reasons.

## II.    BACKGROUND

Plaintiff is a California resident with physical disabilities who requires a wheelchair for mobility. Compl. ¶¶ 3, 10, 12, ECF No. 1. On May 21, 2024, he went to Farmers Insurance, located at 3018 Railroad Avenue in Pittsburg, California, to inquire about insurance for his home and possibly his cars. *Id.* ¶¶ 1, 17. Defendants Iztaccuauhtli Gonzalez, Jill Stern-Henderson, and Steven H. Henderson owned, managed, operated, and/or were otherwise responsible for the

1    property. *Id.* ¶¶ 4-6.  On the date of his visit, Plaintiff found the property's accessible parking

2    spaces lacked required signage and pavement markings and lacked a van-accessible access aisle.

3    *Id.* ¶ 18.  Plaintiff also alleges the asphalt underneath the parking is severely damaged and

4    cracked, and he believes the parking spaces are excessively sloped.  *Id.*

5       Plaintiff filed this case on September 4, 2024, seeking injunctive relief under the

6    Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq., and statutory damages under the

7    Unruh Civil Rights Act, Cal. Civ. Code §§ 51-53.  Compl. ¶¶ 26-55.  Three months later, as there

8    was no indication Defendants had been served, the Court ordered Plaintiff to file a status report.

9    ECF No. 8.

10      On December 17 Plaintiff responded that he had been unable to effectuate service of

11   process on any of three defendants.  ECF No. 9.  The first round of service resulted in non-service

12   reports for all three defendants, with the process server reporting that the business locations for the

13   respective defendants were closed and appeared to be non-operational.  *Id.*  After the first round of

14   service failed, Plaintiff sent all three defendants service waivers by mail on September 16, 2024,

15   but no defendant returned a service waiver.  *Id.*  None of the packages were returned by the post

16   office as undeliverable.  *Id.*  Plaintiff subsequently located a home address for Gonzalez in

17   Pittsburg, California, to which he dispatched another process server starting on October 30, but

18   after five attempts, the process server was unable to serve Gonzalez at this address.  *Id.*  Plaintiff

19   stated he would need to consult with his process server to determine whether there are any other

20   addresses at which the defendants could be served, or whether to request authorization to

21   effectuate service by alternative means.  *Id.*  On December 17 the Court directed Plaintiff to file an

22   updated status report or motion for alternative service by January 16, 2025.  ECF No. 10.

23      On January 15, 2025, Plaintiff filed his initial motion seeking leave to serve Gonzalez

24   through publication of summons in the East Bay Times.  ECF No. 11.  The Court denied the

25   motion without prejudice for failure to provide an affidavit of facts evincing a cause of action

26   against Gonzalez.  ECF No. 15.  On February 4, 2025, Plaintiff filed his renewed motion.

27

28

United States District Court
Northern District of California

### III. LEGAL STANDARD

Service upon an individual defendant in a judicial district of the United States may be effected pursuant to the state law where the district court is located or where service is made. Fed. R. Civ. P. 4(e)(1). Under California law, service by publication is permissible when:

> (a) A summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that either:
>
> (1) A cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action.

Cal. Civ. Proc. Code § 415.50(a). The key inquiry is whether a defendant cannot with "reasonable diligence" be served by another available method. *Felix v. Anderson*, 2015 WL 545483, at *2 (N.D. Cal. Feb. 9, 2015).

To determine whether a plaintiff has exercised reasonable diligence, a court must examine the affidavit to see whether the plaintiff "took those steps a reasonable person who truly desired to give notice would have taken under the circumstances." *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333 (1978). Reasonable diligence "denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." *Watts v. Crawford*, 10 Cal. 4th 743, 749 n.5 (1995) (citation omitted).

Because of due process concerns, service by publication should be allowed only "as a last resort." *Donel*, 87 Cal. App. 3d at 333. That a plaintiff has taken one or a few reasonable steps does not necessarily mean that "all myriad of other avenues" have been properly exhausted to warrant service by publication. *Id.* But a plaintiff will generally satisfy his burden through "[a] number of honest attempts to learn defendant's whereabouts or his address by inquiry of relatives, friends, and acquaintances, or of his employer, and by investigation of appropriate city and telephone directories, the voters' register, and the real and personal property index in the assessor's office, near the defendant's last known location[.]" *Kott v. Superior Ct.*, 45 Cal. App. 4th 1126, 1137 (1996). "These are likely sources of information, and consequently must be searched before resorting to service by publication." *Id.*

If a party can show reasonable diligence, they must also show that a "cause of action exists

3

against the party upon whom service is to be made or he or she is a necessary or proper party to the action." Cal. Civ. Proc. Code § 415.50(a)(1). The party must offer "independent evidentiary support, in the form of a sworn statement of facts, for the existence of a cause of action against the defendant." *Cummings v. Brantley Hale*, 2016 WL 4762208, at *2 (N.D. Cal. Sept. 13, 2016) (citing *McNamara v. Sher*, 2012 WL 760531, at *4 (S.D. Cal. Mar. 8, 2012)); *see also Zhang v. Tse*, 2012 WL 3583036, at *3 (N.D. Cal. Aug. 20, 2012) (collecting cases).

## IV.  DISCUSSION

### A.  Reasonable Diligence

Although service by publication is a method of last resort, the Court is satisfied that Plaintiff is unable to serve Gonzalez, despite reasonable diligence. Specifically, on September 9, 2024, Plaintiff's counsel asked One Legal to serve each of the Defendants in this lawsuit. Morin Decl. ¶ 2, ECF No. 16-2. One Legal attempted to serve Gonzalez at his business address, 3024 Railroad Avenue in Pittsburg, California, as well as at 3018 Railroad Avenue in Pittsburg, California, but was unsuccessful after five attempts. *Id.* ¶ 3 & ECF No. 11-3 (Non Service Report).[1] On September 16, 2024, counsel mailed a package to Gonzalez at the 3024 Railroad Avenue address that consisted of the summons, complaint, a postage prepaid return envelope, and a completed "Notice of a Lawsuit and Request to Waive Service of a Summons" (form AO 398) and two copies of "Waiver of the Service of Summons" (form AO 399). Morin Decl. ¶ 4. As of the date of Plaintiff's renewed motion, Gonzalez had not returned a signed service waiver, and the United States Post Office had not returned the service waiver package as undeliverable. *Id.* ¶¶ 5-6.

After service was unsuccessful, counsel researched other possible addresses for Gonzalez and located a residential address, 2139 Shadow Court in Pittsburg, California. *Id.* ¶ 7. Using a title search program, counsel confirmed that Gonzalez's name appears on the title to that home. *Id.* On October 26 counsel dispatched One Hour Process Service to the Shadow Court address with instructions to serve Gonzalez, but after five attempts, the process server was unable to serve him. *Id.* ¶¶ 7-8 & Ex. 2 (Non Service Report). Counsel has been unable to find any other good

---

[1] Counsel's declaration in support of the renewed motion omitted the non-service report, but it is attached to the declaration in support of the prior motion.

4

1  addresses for Gonzalez. *Id.* ¶ 9.

2  It appears Plaintiff is unable to serve Gonzalez by personal service or mail. While it is
3  conceivable that Plaintiff could effect service through continued efforts, "the standard requires
4  reasonable diligence, not exhaustive efforts to leave no stone unturned." *Cummings*, 2016 WL
5  4762208, at *2. Under these circumstances, the Court finds Plaintiff has adequately taken ''those
6  steps which a reasonable person who truly desired to give notice would have taken under the
7  circumstances.'' *Donel*, 87 Cal. App. 3d at 333.

**B.  Cause of Action**

Although Plaintiff submits a declaration by his counsel attesting to the efforts taken to locate and serve Gonzalez, he must also offer ''independent evidentiary support, *in the form of a sworn statement of facts*, for the existence of a cause of action against the defendant.'' *Cummings*, 2016 WL 4762208, at *3 (emphasis in original); *see also Harris v. Cavasso*, 68 Cal. App. 3d 723, 726 (1977) (The statute ''on its face permits such showing to be made only by affidavit.''; setting aside a judgment where service by publication had been based on facts presented in a verified complaint rather than an affidavit). Plaintiff attests that upon arrival at the property, he found it "did not provide any accessible parking spaces for individuals with disabilities," without which he "was unable to access the insurance office when I visited," and "[t]he absence of accessible parking at the Farmers Insurance has caused me distress, discomfort, frustration, annoyance, and inconvenience." Robinson Decl. ¶¶ 5-7, ECF No. 16-3. Plaintiff attests that he wishes "to return to Farmers Insurance in the future due to its convenient location when I travel to the area to visit family." *Id.* ¶ 8. Plaintiff's counsel further attests:

> Before filing this lawsuit, I researched the ownership of the Farmers Insurance office located at the Property that is the subject of this lawsuit to determine who would be appropriate defendants responsible for barrier removal and potentially damages. I reviewed public records, information available online, and photos that were provided by my client of the business and accompanying signage. After reviewing the foregoing information sources, I believe that Defendant is the owner and operator of the Farmers Insurance office located at the Property. Using a title search program, I also believe that Defendant may have an ownership interest in the Property or an adjacent parcel.

Morin Decl. ¶ 10. Based on this independent evidentiary support, the Court finds Plaintiff has

satisfied the requirements for service by publication. *See Garcia v. Clement-Rorick*, 2022 WL 1478532, at *3 (N.D. Cal. Apr. 19, 2022) (finding plaintiff satisfied requirements for service by publication where he attested that defendant owned the real property at issue); *Block v. Hernandez Madrigal*, 2021 WL 5991732, at *3 (N.D. Cal. Nov. 4, 2021) (same).

Accordingly, Plaintiff's motion for leave to serve Gonzalez by publication is **GRANTED**.

**C. Method of Service**

As Plaintiff has satisfied the requirements of section 415.50, he is entitled to effectuate service by publication "in a named newspaper, published in this state, that is most likely to give actual notice to the party to be served." Cal. Civ. Proc. Code. § 4150.50(b). Plaintiff states he intends to publish summons in the East Bay Times, which courts have found to be a newspaper of general circulation that is most likely to give actual notice. *See Garcia*, 2022 WL 1478532, at *3; *Macias v. Fasail*, 2020 WL 2542028, at *4 (N.D. Cal. May 19, 2020); *United States v. Benson*, 2019 WL 6612246, at *3 (N.D. Cal. Dec. 5, 2019). Therefore, the Court finds the East Bay Times is a proper newspaper for publication of service.

## V. CONCLUSION

Based on the analysis above, Plaintiff's motion for leave to serve Gonzalez by publication is **GRANTED** as follows:

1. Good cause appearing, the Court extends the deadline for service of process on Iztaccuauhtli Gonzalez to March 24, 2025. Fed. R. Civ. P. 4(m).

2. Publication shall be made in the East Bay Times once per week for four successive weeks. *See* Cal. Civ. Proc. Code § 415.50(c); Cal. Gov't Code § 6064.

3. If Gonzalez's address is ascertained prior to the expiration of the time prescribed for publication of the summons, a copy of the summons and complaint and of this order for publication shall immediately be served on him. This order does not preclude service upon Gonzalez in any other manner specified in the California Code of Civil Procedure sections 415.10 through 415.30.

4. Plaintiff must mail a copy of this order, addressed to Iztaccuauhtli Gonzalez dba Farmers Insurance, to the following addresses:

6

- 3018 Railroad Avenue, Pittsburg, CA 94565
- 3024 Railroad Avenue, Pittsburg, CA 94565
- 2139 Shadow Court, Pittsburg, CA 94565-4648

After mailing, Plaintiff shall file proof of service.

**IT IS SO ORDERED.**

Dated: February 7, 2025

THOMAS S. HIXSON
United States Magistrate Judge